## SCHOENBERNER, ESTATE OF, In re

## SCHOENBERNER, et v STATE et

Ohio Appeals, 9th Dist., Summit Co.

No. 3176. Decided April 9, 1940.

Amer, Cunningham & Keeney, Akron, for appellants.

Alva J. Russell, Pros. Atty., Akron, and W. A. Spencer, Asst. Pros. Atty., Akron, for appellees.

### OPINION
By STEVENS, J.

This appeal on questions of law brings before this court the propriety of the ruling of the Probate Court denying the application of appellants for an order directing the treasurer of Summit county to turn over to them certain moneys held by the treasurer as escheated property. The facts are these:

On June 7, 1929, Otto Schoenberner died intestate.

On June 11, 1929, letters of administration were issued to the Ohio State Bank & Trust Co.

On May 14, 1931, said administrator filed its final account, showing payment to Don Isham, prosecutor of Summit county, of $2715.11, "balance of assets of this estate passing to the state by escheat."

On June 25, 1931, the court ap-

proved said final account, and ordered the administrator to "pay over the respective balances as shown thereby to the persons legally entitled thereto, on their demand * * *."

On December 7, 1937, appellants filed their application for an order of the Probate Court, directing the county treasurer to pay over to them, as the heirs of the deceased, the money paid to the treasurer by the prosecuting attorney as escheated property.

On January 30, 1939, the Probate Court, after hearing, made what it designated as a "finding of facts and determination of heirship." That entry found, among other things, that the persons named in the application were the heirs at law of the decedent, Otto Schoenberner, but reserved the question of the allowance of said application for further consideration.

On March 11, 1939, the Probate Court made an entry denying the application of these appellants, for the reason "that said matter has not been brought to the court's attention in the proper manner, for the reason that it is necessary that the previous order of this court be set aside before the prayer in the application filed herein can be granted, and said order or judgment of the court can be set aside only in the manner provided in §11631 GC, et seq., which sections apply to the Probate Court §11643 GC. * * * In view of this fact, said application is hereby dismissed without prejudice * * *."

To this latter order, the appeal has been taken. The application in this case must be governed by the statute in force when the cause of action accrued.

**Webster v Bible Society, 50 Oh St 1, syllabus 3.**

The Probate Court on June 25, 1931, made its general order of distribution, and, under the law then in effect, it thereby exhausted its power.

"4. The Probate Court has not jurisdiction, in making an order of distribution under section 524, Revised Statutes (§10492 GC), to determine the persons to whom distribution is to be made, and the amount going to each, but its power is exhausted in that particular when, upon final settlement of the account of the executor or administrator, it enters a general order of distribution."

**First National Bank v Beebe, 62 Oh St 41.**

If that was true of the Probate Court after it entered the general order of distribution under the law then in force, it is still true, and the Probate Court did not have authority to make a finding as to the heirship of the appellants or to make an order upon the county treasurer to pay over to them as heirs.

Money paid to the county treasurer as property passing to the state of Ohio by escheat, is not unclaimed money within the meaning of the statutes vesting authority in the Probate Court to issue a certificate for the payment of unclaimed money (§§10506-80 and 10509-197 GC).

The Court of Common Pleas was the tribunal which, under the law, had the jurisdiction to determine all questions presented by appellants' application.

The finding of the Probate Court as to the heirship of the applicants is reversed, as contrary to law, and the judgment dismissing appellants' application is affirmed.

WASHBURN, PJ., & DOYLE, J., concur.